UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH GREEN,

    Plaintiff,

v.                                                 CASE NO. 8:24-cv-1424-JSM-SJH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on Plaintiff's supplemental Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act ("Motion"). Doc. 21.

Petitioner, Sarah Atkins, attorney for Plaintiff, successfully represented Plaintiff in this appeal of an adverse decision by the Social Security Administration. *See* Docs. 14-16. The case came before this Court and was reversed and remanded. *Id.* Ms. Atkins requests $14,274.90 in attorney's fees for her and her colleagues' representation of Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 21 at 1, 6. Defendant does not object to the amount of attorney's fees requested. *Id.* at 2.

Under EAJA, unless otherwise provided by statute, a court must "award to a prevailing party other than the United States fees and other expenses … unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). EAJA also limits individuals eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence-four reversal of a denial of benefits and remand, is a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition, the undersigned will not find that Defendant's position was substantially justified. *See Andersen v. Kijakazi*, No. 8:22-cv-630-AAS, 2023 WL 269567, at *1 (M.D. Fla. Jan. 18, 2023); *Bennett v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1158-MCR, 2021 WL 9772226, at *1 (M.D. Fla. June 29, 2021). Further, there are no special circumstances that make the award unjust. In addition, the Motion represents that Plaintiff's net worth when this proceeding was filed was less than $2 million. Doc. 21 at 1[1]. Thus, an award of attorney's fees under EAJA is appropriate.

Regarding the amount to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). The amount of fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" and "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified

---

[1] Plaintiff's net-worth representation is not accompanied by any affidavit or other evidence. Given the lack of opposition to the Motion, the undersigned will find Plaintiff's eligibility under EAJA established, *see Velazquez v. Comm'r of Soc. Sec.*, No. 3:18-cv-934-J-PDB, 2019 WL 6842075, at *1 (M.D. Fla. Dec. 16, 2019), *Sheri R. v. Saul*, No. 2:18-cv-136-MKD, 2019 WL 13202199, at *2 (E.D. Wash. July 30, 2019), but future EAJA petitions should include evidence supporting net-worth representations, *see Sheri R.*, 2019 WL 13202199, at *2.

attorneys for the proceedings involved, justifies a higher fee." *Id.* The time records show that Ms. Atkins worked 1.3 hours, George Piemonte worked 4.25 hours, and Denise Sarnoff worked 51.2 hours for a total of 56.75 hours, each at an hourly rate of $251.54,[2] totaling $14,274.90. Doc. 21-2. Considering the lack of opposition, the undersigned finds the hourly rate reasonable, and the cost-of-living adjustment warranted.[3] *See Bennett,* 2021 WL 9772226 at *1. The undersigned also finds reasonable the number of hours spent by the Plaintiff's counsel on the case. Thus, the undersigned finds that $14,274.90 is a reasonable amount for attorney's fees in this case pursuant to 28 U.S.C. § 2412(d)(2)(A).

Accordingly, it is respectfully **recommended** that the Court enter an order stating substantially the following:

1. The Motion (Doc. 21) is **granted**.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $14,274.90.

3. The Commissioner will determine whether the Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and costs and pay the fees and costs directly to Plaintiff's counsel.

---

[2] The Time Records provide an hourly rate of $251.84 but based on the request for $14,274.90 for 56.75 hours, the hourly rate is $251.54 ($14,274.90 divided by 56.75). *See* Doc. 21-2.

[3] In a different case or if the hourly rate was contested, the Court's determination as to the reasonableness of the rate might be different.

## Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on August 29, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable James S. Moody, United States District Judge

Counsel of Record